J. J. BLAKE v. W. E. AUSTIN ET AL.

Decided June 19, 1903.

**1.—Pleading—Commissions—Real Estate Broker.**

See petition in an action to recover a share of commissions jointly earned by plaintiffs and defendant in the sale of land held to sufficiently allege an express contract between the parties as to division and payment of the commissions.

**2.—Admission—Offer Not in Compromise.**

Where an offer by defendant to pay plaintiffs a certain amount was not made in an effort to compromise prospective or pending litigation, although he had previously offered a less amount, it could be pleaded and proved as an admission of liability for such amount.

**3.—Charge—Assuming Facts.**

A charge which speaks of the verbal contract sued on as having been made by the parties, but which also submits to the jury to determine from the evidence whether or not they did make it, is not on the weight of evidence.

Appeal from the District Court of Matagorda. Tried below before Hon. Wells Thompson.

*Brown, Lane & Garwood* and *E. T. Higgins,* for appellant.

*W. C. Carpenter* and *Linn & Austin,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellees W. E. Austin, J. L. Ladd, A. P. Owens and F. A. Sears brought this suit against the appellant to recover the sum of $1500, alleged to be due them as their proportion of certain commissions received by appellant for the sale of a tract of 1500 acres of land in Matagorda County, purchased by M. D. Chillson from T. E. Partain. Omitting the formal portions, plaintiffs' petition is as follows:

"That on to wit, about the 10th day of April, 1902, plaintiffs brought to Matagorda County a man by the name of M. D. Chillson, who desired to purchase a large body of land, and plaintiffs, at their own expense and loss of time, hired teams and conveyances, and showed to him several different tracts of land in said county, among which was a tract of fifteen hundred acres belonging to T. E. Partain, composed partly of lands out of the J. C. Partain league and Richard Groves league; that said Chillson was pleased with said tract of land, and offered to purchase it at the price of $14 per acre, and that it being inconvenient for plaintiffs to visit said T. E. Partain at that time, they saw and requested defendant to go see him and make the trade for them, authorizing said Blake to offer him twelve and 50-100 dollars per acre for said land, and that if he made a deal with him at said price, plaintiffs would allow defendant, as his compensation therefor, fifty cents per acre, plaintiffs to have the balance of the difference between twelve and 50-100 dollars and fourteen dollars, or one and no-100 dollars per acre. That said defendant assented to said terms, and did make and

enter into a contract with said Partain and said Chillson upon such terms, for plaintiffs' and defendant's benefit, in the proportion above named; that afterwards, to wit, on the 28th day of June, 1902, said T. E. Partain, joined by his wife, in pursuance of said contract, did convey said 1500 acres of land to A. A. Plotner and John W. Stoddard, assignees of said Chillson, and at his request, by warranty deed, duly executed and acknowledged and delivered, for said sum of fourteen dollars per acre, whereby and by reason of which plaintiffs became entitled to be paid one dollar per acre for 1500 acres or $1500; that on to wit, the 15th day of August, 1902, in pursuance of his agreement with plaintiffs and defendant, said T. E. Partain paid to defendant, for his and plaintiffs' benefit, said $1.50 per acre for 1500 acres of land, or $2250, as their commissions for effecting said sale, whereupon and by reason of which defendant became legally bound to pay plaintiffs their portion thereof, or $1500; that plaintiffs demanded said amount of defendant, but he refused to pay same, and offered to pay plaintiffs $1165, and plaintiffs declining to accept said last named amount, as their share and portion of said commissions, defendant refused, and doth still refuse, to pay any portion thereof, to plaintiffs' damage $1600."

The defendant answered by general and special exceptions and general denial, and specially denied that he ever made any agreement with the plaintiffs as to division of the commission on the sale of the Partain land.

The trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiffs for the sum of $1310.

The evidence shows that the plaintiffs secured an offer from Chillson to purchase the land at $14 per acre, as alleged in their petition, and that they informed defendant of Chillson's offer, and requested him to see Partain and offer him $12.50 per acre. Defendant induced Partain to accept $12.50 per acre for the land. Partain made the deed to Chillson and received therefor $14 per acre. He paid defendant, as commission for making the sale, the sum of $1.50 per acre, amounting to $2250. A short time after the sale was made the defendant went to the office of plaintiff Austin for the purpose of settling with plaintiffs and paying them their interest in the commission on the sale of the land. He told Austin that he had to pay $250 attorney fees to have the title to the land cleared, and $35 surveying fees, which left $1965 of the amount received as commission, of which amount he offered to pay plaintiff one-half. Austin refused to accept this amount, and told defendant that this was not according to his contract with plaintiffs, and that by the terms of the contract they were to receive two-thirds of said commission. Defendant then offered to pay him $1165, which amount was also refused. There is a conflict in the evidence as to the agreement for a division of the commission. The defendant testified that there was no agreement as to how the commission should be divided, and while he expected and understood that he was to pay plain-

tiffs a part of the commission, nothing was said about how they were to be divided. The plaintiff Ladd, who conducted the negotiations with defendant, testified that it was expressly agreed and understood between them that plaintiffs were to receive two-thirds of the commissions realized from the sale of the land to Chillson. Plaintiffs refused to allow defendant any credit for the amount claimed to have been paid by him as attorney and surveying fees on the ground that defendant was not authorized to incur such expenses.

The first assignment of error is as follows: "The court erred in overruling defendant's general demurrer, because the petition on its face shows such an inconsistency as would render it impossible for plaintiffs to recover upon proof of the allegations thereof."

Under this assignment it is urged that the allegation in the petition that the services performed by Blake were at the request of plaintiffs excludes the idea of liability on Blake's part to plaintiffs for any portion of the compensation received by him for such services, and since no contract or privity between plaintiffs and Partain is alleged which would authorize them to sue defendant for money had and received of Partain for their benefit, the petition fails to state a cause of action.

We think the petition clearly alleges an express contract between plaintiffs and defendant in which defendant agreed, in consideration of the services of plaintiffs in procuring a purchaser and assisting in consummating the sale of the land, to pay them two-thirds of the commissions realized by him from such sale. That a breach of said contract by the defendant would give a cause of action to plaintiffs can not be questioned. It is wholly immaterial that Partain had no knowledge of this contract. When he paid the commissions to Blake, the latter became liable to plaintiffs for their portion of same on his contract with them, and not as the recipient from Partain of money due by him to plaintiffs. The general demurrer was properly overruled, and the assignment can not be sustained.

The appellant specially excepted to the allegation in the petition that defendant had offered plaintiffs the sum of $1165, and also objected on the trial of the case to the admission of proof of such offer, the ground of said exception and objection being that the offer to pay the $1165 was an offer of compromise, and therefore not admissible as evidence of defendant's liability.

We do not think this contention is sound. The offer of defendant to pay the $1165 was not made in an effort to compromise prospective or pending litigation. The defendant admitted that he was liable to plaintiffs for a portion of the commissions, but claimed that there was no agreement as to how same should be divided. Under these circumstances his offer to pay $1165 can not be considered as an offer to buy his peace, but was an admission on his part that that much was due plaintiffs as their part of the commissions.

The trial court charged the jury as follows: "The plaintiffs sue the defendant on a verbal contract, wherein it was agreed between them

that plaintiffs were to find a purchaser for the lands, 1500 acres, belonging to T. E. Partain, at $14 per acre; that defendant agreed to secure Partain's consent and conveyance of the lands to the purchaser so found by plaintiffs; that it was also understood between them that defendant was to secure Partain's agreement to take the sum of $12.50 per acre for his share of the purchase money, and that $1.50, the difference between $12.50 and $14, was to be divided between the plaintiffs and defendant, two-thirds to plaintiffs and one-third to defendant; that plaintiffs' part was to be two-thirds of said sum, viz., $1500, and defendant's part the remainder, or one-third. It is alleged that sale was so made, and that defendant has received and has in his possession the entire amount of plaintiffs' share. The defendant denies that he ever entered into any such contract and agreement. Now, if you believe from the preponderance of the evidence that said parties made such agreement, and the land was sold as agreed, and that defendant has possession of the $1500, it being plaintiffs' share, then find a verdict for plaintiffs. But if you do not believe that such agreement was made between the parties, then find for defendant."

The fourth assignment assails this charge on the ground that it is upon the weight of the evidence in that it tells the jury that the contract between the plaintiffs and defendant provided that plaintiffs were to be paid two-thirds of the commissions received by the defendant from the sale of the land.

We think it clear from the charge as a whole that the statement therein made as to the terms of the contract sued on was intended merely as a statement of the allegations of the petition made for the purpose of informing the jury as to the issue to be determined by them. The charge distinctly submits to the jury the issue as to what the agreement was, and they could not have understood from the charge as a whole that they were to assume the existence of the contract as claimed by the plaintiffs, nor that the court intended to intimate that in his opinion such contract had been established. We think the charge fairly presents to the jury the only issue raised by the evidence, and none of the remaining assignments which complain of said charge and of the refusal of the court to give special charges requested by the defendant should be sustained. There being no error in the record which requires a reversal, the judgment of the court below is affirmed.

*Affirmed.*